UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE OF THE FAMILY SMITH,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE STATE OF CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES, ET AL,<br><br>　　　　　　　　　　　　Defendants. | Case No.:  3:16-cv-02164-GPC-DHB<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**2) DISMISSING CIVIL ACTION SUA SPONTE FOR LACK OF SUBJECT MATTER JURISDICTION** |

　　　　On August 29, 2016, Plaintiff George of the Family Smith, proceeding *pro se*, commenced this action against Defendant State of California Department of Child Support Services and contractors thereof.  ECF No. 1.  Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  ECF No. 2.  For the following reasons, the Court DENIES Plaintiff's motion to proceed IFP and sua sponte DISMISSES his suit for lack of federal subject matter jurisdiction.

1

**I.     Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all of his or her assets, showing that he or she is unable to pay the fees.  *See* 28 U.S.C. §1915(a).  Such affidavit must include a complete statement of the plaintiff's assets.  *See id.*   However, an IFP action is subject to dismissal if the court determines that the complaint is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to § 1915(e)(2).  *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

In his declaration, Plaintiff states that he is currently employed with gross wages totaling $2,500 per month, amounting to $1,775 per month in take-home pay.  ECF No. 2 at 1.  Plaintiff states he pays $2,280 in monthly expenses, but does not account for the majority of those expenses in any detail.[1]  *Id.* at 2.  Plaintiff has $250.00 in a checking or savings account.  *Id*.  Plaintiff further indicates that he has a mortgage of $327,000, but does not indicate how much of that mortagage is owed or what the monthly payments are.  *Id.*  Because the Plaintiff has not provided the Court with sufficient information from which the Court can determine whether Plaintiff is unable to pay the required filing fee, the Court DENIES Plaintiff's motion to proceed in forma pauperis.

---

[1] Plaintiff states that he pays $280 per month in utilities and another $2,000 for an undisclosed purpose. ECF No. 2 at 2.

## II. Sua Sponte Dismissal for Lack of Jurisdiction

It is well-established that a federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94-95 (1998). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence . . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted).

Federal courts are courts of limited jurisdiction. Unlike state courts, they have no 'inherent' or 'general' subject matter jurisdiction. They can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate, i.e. those involving diversity of citizenship, a federal question, or to which the United States is a party. *See Finley v. United States*, 490 U.S. 545 (1989). Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Plaintiff argues that he is entitled to relief because the State of California is not in "substantial compliance" with Title IV-D of the Social Security Act, 42 U.S.C. §§ 601-607. ECF No. 1 at 10; *see also*, *e.g.*, 42 U.S.C. § 609(a)(8). Title IV-D lays out the requirements for State-operated child support programs that states such as California choose to comply with in order to qualify for Federal Aid to Families with Dependent Children (AFDC). *See Blessing v. Freestone*, 520 U.S. 329, 333 (1997). Plaintiff rightly indicates that the Supreme Court's decision in *Blessing v. Freestone* concluded that Title IV-D was not intended to benefit individual children and custodial parents and, therefore, that the named respondents had no individually enforceable federal right. *Id.* at 343. Yet what Plaintiff fails to contend with is the fact that the *Blessing* Court held that Title-VI does not give individuals a "federal right to force a state agency to substantially comply with Title IV-D." *Id.* at 1356; *see also Barnes v. Anderson*, 124 F.3d 210, 1997

1 | WL 583325 *1 (9th Cir. 1997) (repeating that the *Blessing* holding bars individuals from
2 | forcing a state agency to substantially comply with Title VI-D).  This is exactly what
3 | Plaintiff is asking the Court to do here.  He has demanded that Defendant cease
4 | requesting Plaintiff to pay child support payments because, allegedly, Defendant is not in
5 | substantial compliance with Title VI-D.  *Id.* at 1, 10.  In light of the Supreme Court's
6 | holding in *Blessing*, however, Plaintiff has not asserted a federal question.  Accordingly,
7 | the Court DISMISSES the complaint for lack of subject matter jurisdiction.

## Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's motion to proceed IFP.  The Court also DISMISSES his Complaint without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated:  September 27, 2016

Hon. Gonzalo P. Curiel
United States District Judge